# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CALVIN KARL SKINNER, JR.,** :
:
    **Petitioner,** : **CIVIL NO. 3:CV-07-1393**
:
  **vs.** : **(JUDGE VANASKIE)**
:
**JOHN MINER,** :
:
    **Respondent.** :

# **M E M O R A N D U M**

Calvin Karl Skinner, Jr. commenced this habeas corpus action pursuant to 28 U.S.C. § 2241 on July 31, 2007. He is currently a federal inmate confined at the Low Security Correctional Institution at Allenwood (LSCI-Allenwood), Pennsylvania. Named as Respondent is John Miner, Warden at LSCI-Allenwood. In the petition, Skinner seeks approval for placement in a Residential Re-Entry Center ("RRC") in the New York City area. He complains that the Bureau of Prisons is intentionally circumventing the award to him of a six (6) month RRC placement pursuant to 18 U.S.C. § 3624(c) by asserting that the United States Probation and Parole Office for the Southern District of New York has failed to approve such placement. He requests an immediate transfer to an RRC in New York City. Service of the petition was directed on August 1, 2007. (Dkt. Entry 4.) A response was submitted on August 20, 2007.

(Dkt. Entry 9.)  For the reasons that follow, the petition will be denied.[1]

**I.    Background**

The underlying facts in this case are not in dispute.  On May 19, 2006, in the United States District Court for the Western District of Pennsylvania, Skinner was sentenced on wire fraud charges to a twenty-four (24) month prison term with a three (3) year term of supervised release.  With credit for good conduct, he is currently projected to be released on December 24, 2007.  Skinner contends that he became eligible for release to a community confinement halfway house on or about June 24, 2007.  He specifically requests to be placed in a RRC in the area of New York City.  He argues that such a placement is warranted because he was a resident of New York City when he was arrested and had continuously resided there since 1998; he has professional relationships with New York and a greater possibility of securing better employment there; he has no ties with the Western District of Pennsylvania, where he was born, educated and convicted; and there are doctors in New York that are familiar with his

---

[1] Also pending are a "Motion for Documentation" (Dkt. Entry 7) and a "Motion for Default Judgment" (Dkt. Entry 12) filed by Petitioner in this case.  These motions will be denied as moot for the following reasons.  First, the discovery requested by Petitioner is both irrelevant and unnecessary with regard to the resolution of the instant petition.  As to the Motion for Default Judgment, Petitioner asserts that the Probation Office for the Southern District of New York has failed to respond to his Petition.  Although the Court understands that it is the refusal of that Probation Office to approve Petitioner's RRC placement in New York that is the gravamen of this matter, it is clear that the Probation Office is not a proper respondent in this habeas proceeding.  Thus, there is no basis for a default judgment as to the Probation Office. In this regard, that Office would have no authority to direct Petitioner's RRC placement.

2

medical history.

Although Skinner's Unit Team was willing to recommend placement in an RRC for up to 180 days, the recommendation could not be made to a facility in the Southern District of New York without approval from the probation office in that district.  In an attempt to seek RRC placement for Skinner in the New York City area, the BOP submitted requests for approval to the probation office in the Southern District of New York on two occasions, and both requests were denied.

Prior to being notified of the denial of the second request, Skinner's Unit Team sent a "Referral for CCC Placement" to Pittsburgh, Pennsylvania, a location within the district of conviction, recommending RRC placement for 90 to 120 days, which would basically be the remainder of Skinner's sentence if approved.  In his Traverse, Skinner represents that he has been approved for a placement in a Pittsburgh RRC, commencing September 11, 2007.

**II.     Discussion**

Pursuant to 18 U.S.C. § 3621(b), the BOP is vested with authority to determine the location of an inmate's imprisonment.  The statute grants the BOP authority not only to designate the place of imprisonment, but also lists five (5) factors for consideration in making placement and transfer decisions.  Section 3621(b) provides as follows:

> (b) Place of imprisonment.  The Bureau of Prisons shall designate the place of prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum

> standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering –
>
>> (1)  the resources of the facility contemplated;
>>
>> (2)  the nature and circumstances of the offense;
>>
>> (3) the history and characteristics of the prisoner;
>>
>> (4) any statement by the court that imposed the sentence –
>>
>>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>>
>>> (B) recommending a type of penal or correctional facility as appropriate; and
>>
>> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making transfers under the subsection, there shall be no favoritism given to prisoners of high social or economic status.  The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

18 U.S.C. § 3621.

In addition, federal law provides that prisoners shall, to the extent practicable, serve the last portion of their imprisonment under conditions that will facilitate their transition from prison life to the community.   The specific statutory authority for placement of an inmate in pre-

release custody near the end of his sentence is set forth in 18 U.S.C. § 3624(c), which in pertinent part provides:

> The Bureau of Prison shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. . . .

18 U.S.C. § 3624(c).

Recently, in Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), our Court of Appeals considered and rejected the validity of BOP regulations, 28 C.F.R. §§ 570.20 and 570.21, that became effective on February 14, 2005. The regulations provided for the "categorical exercise of discretion" limiting an inmate's placement in a RRC to no greater than six months, and were found to be invalid because they prevented the BOP from exercising its discretion under 18 U.S.C. § 3621(b). Woodall, 429 F.2d 250. The court held that both initial placement decisions and pre-release transfer decisions must be individualized determinations based upon the factors enumerated in § 3621(b). The court held that § 3624 did not remove the BOP's discretion, granted via § 3621(b), to designate an inmate to "any available penal or correctional facility," which includes RRCs, at any point during the inmate's incarceration, for any length of time. Id. at 250-51. The Woodall court also dispelled any implication that § 3624 created an entitlement or guarantee for RRC placement prior to the expiration of the offender's

sentence. "[T]hat the BOP may assign a prisoner to a [RRC] does not mean that it must." Id. at 251. Section 3624(c) is to be read in conjunction with the language of § 3621(b), and stands for the premise that "when possible," based on the BOP's consideration of the factors set forth in § 3621(b), a federal inmate should be placed in a federal facility during the last ten percent or six months of the inmate's sentence.  Woodall, supra, did not alter the BOP's discretion to place an inmate at any facility, including an RRC, for any length of time, as long as it considers the factors set forth in § 3621(b) when doing so. Id.

### A. Exhaustion

Respondent first contends that the petition is subject to dismissal on the basis of failure to exhaust.  It is well established that before a prisoner can bring a habeas petition under 28 U.S.C. § 2241, administrative remedies must be exhausted.  See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  The Bureau of Prisons has a multi-level administrative remedy process fully set forth in 28 C.F.R. § 542, et seq., by which a federal prisoner may seek formal review of any aspect of his imprisonment.  Respondent submits the Declaration of L. Cunningham, Supervising Attorney with the BOP, stating that Skinner has not filed any requests for administrative remedy with the BOP.  (Dkt. Entry 9, Ex. 1, Cunningham Decl., ¶ 3.)    While Respondent acknowledges that courts have excused exhaustion as futile in some cases challenging the BOP's regulations regarding halfway house placement, he contends that those cases are distinguishable in that Skinner is challenging the application of

the BOP regulations to him, and not their validity.  See Woodall, 432 F.2d at 239, n.2.  Respondent claims that the BOP has followed the Woodall decision in this case and, therefore, there is no basis to believe exhaustion would be futile.

Skinner does not deny his failure to exhaust.  The Court, however, will excuse exhaustion because Skinner will soon be placed in a RRC and, in any event, his claims are clearly without merit.  See Racine v. Federal Bureau of Prisons, No. 07-1834, 2007 WL 1071952, at *3 (D.N.J. May 31, 2007) (excusing exhaustion because petitioner was scheduled to be released and his claims were clearly without merit); Snisky v. Pugh, 974 F.Supp. 817, 819 (M.D. Pa. 1997), rev'd on other grounds, 159 F.3d 1353 (3d Cir. 1998)(finding that because the BOP would deny petitioner's relief and he would return to the district court after denial, exhaustion would be excused as futile, and addressing the claims on the merits.)

**B.     Merits of Petition**

Skinner seeks placement into an RRC in New York City.  Because New York City is not within the district of conviction, the BOP has attempted to comply with Skinner's request by seeking his placement there through the Probation Office for the Southern District of New York.  Each request has been denied.

It is well established that a prisoner "has no justifiable expectation that he will be incarcerated in any particular prison."  See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); see also Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976).  As such, any attempt by Skinner to

advance any challenge to where he might be placed in an RRC is totally without merit.

Further, as discussed above, the discretion to place federal prisoners in RRCs remains squarely within the control of the BOP. Respondent has submitted the Declaration of J. Reitz, Case Manager at LSCI, which states that although Skinner was convicted in the Western District of Pennsylvania, he desired RRC placement in the New York City area. (Dkt. Entry 9, Ex. 2, Reitz Decl. at ¶¶ 2-3.) A recommendation could not be made to the Southern District of New York without approval from the U.S. Probation Office in that district. (Id. at ¶ 6.) As such, Reitz states that a letter request was sent to the probation office of the Southern District of New York on September 22, 2006, regarding relocation of Skinner, but was denied on February 2, 2007 due to problems with Skinner's claimed place of residence in New York.. (Id., ¶¶ 3-4; Attachs. 2, 3) A second request providing an alternate release address was sent several days later, and was again denied in August of 2007, via telephone. (Id. at ¶ 4.)

While waiting for the second response, the Unit Team prepared a "Referral for CCC Placement" on Skinner's behalf to Pittsburgh, Pennsylvania, which is within the district of his conviction. (Dkt. Entry 9, Ex. 2, Attach. 1.) The request was sent on July 19, 2007, and recommended 90-120 days RRC time. (Id. at 5.)[2]

In determining the length of RRC time to recommend for Skinner, his Unit Team

---

[2] The request was delayed for a short time because the Unit Team had to investigate possible charges filed against Skinner in Arizona. The issue has been resolved. (Id.)

8

considered factors including the length of his current sentence and his need for transitional services necessary to reintegrate into the community. Also considered were Skinner's community ties, his release residence, his employment and educational history as well as his economic resources. (Id. at ¶ 6.)

The BOP may exercise considerable discretion, but must do so using the factors that Congress has specifically enumerated. In light of the BOP's consideration of the required factors, and the individualized determination given in this case, as evidenced by the undisputed record, there exists no basis for finding that the BOP acted unreasonably in this case. It is clear that the required criteria were considered in arriving at the recommended RRC placement. In addition, the BOP has attempted to secure placement for Skinner in his location of choice -- New York City. When this failed, alternative RRC placement in the district of conviction was sought and will result in Skinner's placement in the RRC for the remainder of his sentence. Accordingly, the petition will be denied.   An appropriate Order follows.

                                          **s/ Thomas I. Vanaskie**
                                          Thomas I. Vanaskie
                                          United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CALVIN KARL SKINNER, JR.,** | : | |
| Petitioner, | : | CIVIL NO. 3:CV-07-1393 |
| vs. | : | (JUDGE VANASKIE) |
| **JOHN MINER,** | : | |
| Respondent. | : | |

# O R D E R

     **NOW, THIS 6th DAY OF SEPTEMBER, 2007,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **DENIED**.

2. Petitioner's Motion for Documentation (Dkt. Entry 7) and Motion for Default Judgment (Dkt. Entry 12) are **DENIED.**

3. The Clerk of Court shall mark this matter **CLOSED.**

                                        **s/ Thomas I. Vanaskie**
                                        Thomas I. Vanaskie
                                        United States District Judge